```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

CAPITAL SOURCE FINANCE LLC,       :
                                  :
     Plaintiff,                   :
                                  :
V.                                :    CASE NO. 3:09-CV-2148 (RNC)
                                  :
ANTHONY AUTORINO,                 :
                                  :
     Defendant.                   :
```

RULING AND ORDER

Plaintiff Capital Source Finance LLC brings this diversity case against defendant Anthony Autorino to domesticate a money judgment it obtained against him in the Circuit Court for Montgomery County, Maryland, as the guarantor of a loan. The complaint asks this Court to "[d]eclare that the judgment is valid, final and entitled to full faith and credit in Connecticut courts." The plaintiff has filed a motion asking that summary judgment enter in it favor with regard to the claim in the complaint. The defendant objects to summary judgment principally on the ground that equity requires the plaintiff to exhaust other remedies before proceeding against him based on the guaranty. For reasons that follow, the motion for summary judgment is granted.

I.   Background

The following facts are undisputed. In 2004, the plaintiff made a loan to Hartford Downtown Revival, LLC (HDR). The loan was secured by a mortgage on commercial property in downtown Hartford and further secured by an assignment of rents and other assets. The defendant was one of several guarantors of the loan.

In 2006, the original mortgage was restated and the plaintiff and defendant entered into an amended agreement. In the amended agreement, the defendant agreed to guaranty HDR's debts in an amount up to $2 million. To secure the guaranty, the defendant pledged a stock portfolio valued at approximately $400,000. Under the terms of the 2006 agreement, the defendant specifically waived any right to compel the plaintiff to marshal assets before proceeding against him on the guaranty.

In 2009, plaintiff brought an action against the defendant in the Circuit Court for Montgomery County, Maryland. On September 29, 2009, a judgment by confession entered in favor of the plaintiff and against the defendant on the basis of a confession of judgment clause. The judgment obligates the defendant to pay the plaintiff $1,730,791.04, plus attorneys' fees in the amount of $173,019.10.

Notice of the judgment was issued by the Clerk of the Circuit Court. The notice stated that the defendant had 60 days from the date the notice was served to file a motion to open, modify, or vacate the judgment. The defendant was served with the notice on October 6, 2009. He did not move to open, modify or vacate the judgment. To date, the judgment has not been satisfied or stayed.

II. Discussion

The Full Faith and Credit Act, implementing the Full Faith and Credit Clause of the Constitution, requires that a state judgment

be accorded "such faith and credit" as it would have "by law or usage in the courts of the state" in which it was rendered.  28 U.S.C. § 1738.  A state's obligation to honor the judgments of another state is "exacting."  Baker v. General Motors Corp., 522 U.S. 222, 233 (1998).  "A final judgment in one State, if rendered by a court with jurisdiction over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."  Id. (footnote and citation omitted).

In objecting to summary judgment, the defendant does not contend that the Maryland court lacked jurisdiction over him or the subject matter of the case.  Nor does he contend that the state proceedings violated due process.  Because these matters are undisputed, the plaintiff is entitled to judgment as a matter of law.

At an earlier stage of this case, the defendant asserted that he "never had any opportunity to contest the Maryland Judgment on the merits."  Def.'s Mem. Of Law In Supp. of Mot. To Dismiss 4 (doc. 11).  But Maryland law is liberal in considering attacks on confessed judgments, as the plaintiff has previously shown.  See Pl.'s Mem. Of Law in Supp. of Obj. To Mot. To Dismiss 14-16 (doc. 13).

To qualify for full faith and credit, "state proceedings need do no more than satisfy the minimum procedural requirements under the Fourteenth Amendment Due Process Clause."  Conopco, Inc. v.

Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000).  Because the defendant had an opportunity to contest the plaintiff's claim in Maryland, the proceedings satisfied due process requirements.

Full faith and credit generally requires that a judgment be given the preclusive effect it would be accorded in the courts of the state where it was rendered.  See id. at 87 ("To determine the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state.").  There is no question that Maryland courts would regard the judgment as valid, final and  enforceable. See S.W. Barrick & Sons, Inc. v. J.P. Councill Co., 224 Md. 138, 140, 166 A.2d 916, 917 (Md. 1961)(judgment by confession has "all of the incidents of other judgments" and "is essentially the same as a judgment entered in a contested case").

Defendant argues that summary judgment should be denied because equity demands that the plaintiff first attempt to foreclose on the mortgage before exercising its rights under the guaranty.  In essence, the defendant argues that enforcing the Maryland judgment would be against public policy. But there is no public policy exception to the full faith and credit due the judgment.  See Baker, 522 U.S. at 233.[1]

---

[1] Defendant's argument is also contrary to the explicit terms of the 2006 agreement in which he waived any right he might have had to require the plaintiff to exhaust other remedies.

Defendant also contends that summary judgment should be denied because the judgment was obtained in an improper amount. In this regard, he alleges that the plaintiff has liquidated the pledged stock portfolio worth approximately $400,000, reducing his liability under the guaranty to approximately $1.6 million, which is less than the amount set forth in the judgment. The defendant's concern about the principal amount of the judgment appears to unfounded.[2] In any event, even a genuine dispute about the principal amount of the judgment would not provide a basis for refusing to give the judgment full faith and credit.

Finally, the defendant contends that summary judgment should be denied because the inclusion of attorneys' fees in the judgment causes it to exceed the guaranty's $2 million cap. Like the defendant's argument about the principal amount of the judgment, this objection provides no legal basis for refusing to honor the judgment.

III. Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (doc. 42) is hereby granted. The Clerk will enter a judgment declaring that the judgment rendered by the Circuit Court of Montgomery County, Maryland in the prior action between the

---

[2] The plaintiff acknowledges that some stock was liquidated before the judgment was entered, which explains why the principal amount of the judgment is $1,730,791.04, and that some stock was liquidated thereafter, for which the defendant will receive a credit. See Def.'s Reply Mem. 6 n.4 (Doc. 49).

parties is valid, final and entitled to full faith and credit.

So ordered this 30th day of September 2011.

>   _____/s/ RNC_____
>        Robert N. Chatigny
>     United States District Judge